## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **BRIAN KRASE,** | |
| Plaintiff, | Case No.: |
| vs. | |
| **KRISPY KREME DOUGHNUT CORPORATION,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

BRIAN KRASE ("Plaintiff"), through counsel, for his Complaint against Defendant, KRISPY KREME DOUGHNUT CORPORATION., ("Defendant"), state:

### NATURE OF THE CASE

1.     This is an action to recover statutory damages and for injunctive relief arising out of unlawful collection, receipt, use, possession, retention and disclosure of the personal biometric identifiers and biometric information of Plaintiff in violation of the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1 (2008).

### THE PARTIES

2.     Plaintiff is a natural person and is domiciled in Illinois.

3.     Defendant, KRISPY KREME DOUGHNUT CORPORATION, is a foreign corporation organized under the law of and headquartered North Carolina.

4.     Defendant is registered with the Illinois Secretary of State and conducts business in the State of Illinois.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000.00[1] exclusive of punitive damages, and/or interest and costs, and is between citizens of different States.

6.      Plaintiff is a citizen of Illinois. Defendant is citizen of North Carolina.

7.      This Court has personal jurisdiction over Defendant because it conducts substantial business in Illinois.

8.      Venue lies in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and Defendant can be found in this District.

**RELEVANT FACTS**

9.      Defendant is a multinational doughnut company and coffeehouse chain.[2]

10.      Defendant employed Plaintiff at its Elk Grove Village, Illinois location from September 2021 until October 2023 as a delivery driver.

11.      When Plaintiff was initially hired by Defendant, he was required to enroll in a biometric time clock system (time clock and timekeeping databases) using a scan of his fingerprint or hand geometry.

12.      Biometric time clock systems capture and process biometric data to record employee attendance.

---

[1] Plaintiff seek statutory, liquidated damages of $1,000 for each negligent violation of BIPA and $5,000 for each intentional or reckless violation of BIPA and allege that there were not less than 700 BIPA violations.
[2] https://www.krispykreme.com/locate/all-locations  (last accessed 5/13/2024)

13.     These systems can operate in different ways, depending on how they capture, store, and verify biometric data. The two primary methods are: Local Server Verification and Third-Party Server Verification.

14.     Under the first method, the employee's biometric data is captured by the time clock at the employer's place of business and is stored on a local server maintained by the employer. When the employee clocks in or out, the time clock system compares the scanned biometric data with the stored data on the local server to verify the employee's identity.

15.     Under the second method, the employee's biometric data is captured by the time clock at the employer's place of business, but this data is disseminated, disclosed, and/or redisclosed to a third-party payroll company server for verification. The third-party payroll company system compares the transmitted biometric data with a stored copy to verify the employee's identity.

16.     Under either method, the employer is involved in the capture, collection, and possession of biometric data.

17.     Defendant required Plaintiff to scan his fingerprint using Defendant's biometric time clock system at the start and conclusion of each working shift while Plaintiff was employed with Defendant.

18.     The biometric time clock Plaintiff was required to use was located at the location where Plaintiff worked for Defendant.

19.     The biometric time clock Plaintiff was required to use was owned, leased, operated and/or maintained by Defendant.

20.     Defendant had credentials to access and control the time clock that captured, collected, stored and/or otherwise obtained Plaintiff's biometric identifiers and/or information.

21.     Defendant had credentials to access and control the web-based software that ran on the time clock that captured, collected, stored and/or otherwise obtained Plaintiff's biometric identifiers or information.

22.     By owning, leasing, operating and/or maintaining the biometric time clock, Defendant possessed Plaintiff's biometric identifiers and/or information.

23.     By owning, leasing, operating or maintaining the biometric time clock, Defendant collected, captured, and/or otherwise obtained Plaintiff's biometric identifiers and/or information.

24.     Through its control over and access to the biometric time clock and accompanying web-based software, Defendant possessed Plaintiff's biometric identifiers and/or information.

25.     Through its control over and access to the biometric time clock and accompanying web-based software, Defendant collected, captured, and/or otherwise obtained Plaintiff's biometric identifiers and/or information.

26.     Defendant's time clock system captured, collected, used, stored or otherwise obtained a scan of Plaintiff's fingerprint or hand geometry for purposes of time tracking and employee authentication.

27.     Alternatively, Defendant's time clock system captured, collected, used, stored or otherwise obtained an encrypted mathematical representation of Plaintiff's fingerprint or hand geometry for purposes of time tracking and employee authentication.

28.     In either event, Defendant's time clock system used, collected, stored or otherwise obtained Plaintiff's unique biometric identifier and/or biometric information as both terms are defined below.

29.     On information and belief, Defendant disclosed, redisclosed, or otherwise disseminated the Plaintiff's unique biometric identifiers and/or biometric information to a third-

party for purposes of utilizing its payroll management services.

30.     Plaintiff never signed a written release allowing Defendant to collect, capture, or otherwise obtain his biometric identifiers or information.

31.     Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's repeated violations of BIPA alleged herein.

32.     BIPA was enacted in 2008 for the purpose of addressing a "very serious need for protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Session No. 276.

33.     BIPA was enacted with the understanding that "the full ramifications of biometric technology are not fully known." 740 ILCS § 14/5(f). The legislature specifically found that persons who have their biometrics taken unlawfully are at increased risk of future injury. *Id.*

34.     Biometrics are unlike other unique identifiers used to access finances or other sensitive information. "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions."[3]

35.     BIPA prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric information unless the private entity: (1) informs that person in writing that identifiers and information will be collected and/or stored; (2) informs the person in writing of the specific purpose and length for which the identifiers or information is being collected, stored or used; (3) receives a written release from the person for

---

[3] 740 ILCS § 14/5(c).

the collection of that data; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying said data. *See* 740 ILCS 14/15(a) and (b).

36.     For BIPA purposes, a "biometric identifier" is a personal feature that is unique to an individual and specifically includes fingerprints. 740 ILCS § 14/10.

37.     BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based upon an individual's biometric identifier used to identify the individual." *Id*.

38.     BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

39.     Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an identifier that is used to identify an individual. *See id*.

40.     Ultimately, BIPA is an informed consent statute. Its narrowly tailored provisions place no absolute bar on collecting, sending, transmitting or communicating biometric data. For example, BIPA does not limit what kinds of biometric data may be collected, sent, transmitted, or stored. Nor does BIPA limit from whom biometric data may be collected, to whom it may be sent, transmitted, or stored. BIPA merely mandates that entities wishing to engage in that conduct must make proper disclosures and implement certain reasonable safeguards.

41.     The Illinois legislature concluded that the increased risk of future harm is a compensable loss under BIPA. *Rosenbach v. Six Flags Entm't Corp.,* 2019 IL 123186, ¶ 35, 129 N.E.3d 1197, 1206 citing 740 ILCS 14/5(c) (noting increased risk of identity theft should biometrics be compromised); *Dillon v. Evanston Hosp.,* 199 Ill. 2d 483, 507, 771 N.E.2d 357, 372 (2002) (finding risk of future injury compensable as an element of damages in medical malpractice

case). The legislature's decision is particularly reasonable given that the statute of limitations on BIPA claims presumably runs from the date of the collection of biometrics, whereas the future injury may not occur until after the statute has run.

42.     The Illinois Supreme Court has recognized that BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Ent. Corp.*, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1206 (Ill. 2019).

43.     Plaintiff was continuously and repeatedly exposed to the risks and harmful conditions created by the Defendant's repeated violations of the BIPA alleged herein.

44.     This lawsuit is Plaintiff's one and only chance to obtain compensation for Defendant's violations of BIPA. Depending on how technology evolves years into the future, losing control of and ownership over very personal identifiers could have untold harmful consequences.

45.     Plaintiff seeks an award of liquidated damages due to the difficulty in quantifying his harm.

## COUNT I

### Violation of § 15(a) of BIPA
### [Failure to Institute, Maintain, and Adhere to Publicly Available Retention Schedule]

46.     Plaintiff restates paragraphs 1 through 45 of the complaint as if set out here in full.

47.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention - and, importantly, deletion - policy. Specifically, these companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 15(a).

48.     Defendant failed to comply with these BIPA mandates.

49.     Defendant is a nongovernmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

50.     Plaintiff is an individual who had "biometric identifiers" (in the form of fingerprints or hand geometry) collected by Defendant. *See* 740 ILCS § 14/10.

51.     Plaintiff's biometric identifiers were used to identify him and, therefore, they constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

52.     Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 15(a).

53.     Defendant failed to make any written policy establishing a retention schedule and guidelines for permanent deletion of biometric data publicly available.

54.     Defendant failed to delete Plaintiff's biometric data when Plaintiff ceased working for Defendant, which is when Defendant's purpose for retaining that data ceased.

55.     Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's biometric data when the purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

56.     Defendant did not have a retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA when it collected Plaintiff's "biometric information." *See* 740 ILCS § 15(a).

57.     Plaintiff has never seen, been able to access, or been informed of any publicly available biometric data retention policy or guidelines developed by Defendant, nor has he ever seen, been able to access, or been informed of whether Defendant would ever permanently delete his biometric data.

58. Defendant knew, or was reckless in not knowing, that the biometric-enabled time clock system it used would be subject to the provisions of BIPA, a law in effect since 2008, yet has completely failed to comply with Section 15(a) of BIPA, or otherwise intentionally recklessly failed to comply with Section 15(a) of BIPA.

59. Alternatively, Defendant negligently failed to comply with Section 15(a) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(a) of BIPA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court provide Plaintiff with the following relief:

a. Declaring that Defendant violated Section 15(a) of BIPA;

b. Requiring Defendant to comply with BIPA's requirements for the collection, storage, use, and dissemination of biometric identifiers and biometric information as described herein;

c. Requiring Defendant to destroy biometric identifiers or biometric information pursuant to and in compliance with Section 15(a) of BIPA;

d. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(1);

e. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(2);

f. Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

g. Enjoining Defendant from further violations of Section 15(a) of BIPA.

## COUNT II

### Violation of § 15(b) of BIPA
### [Failure to Obtain Informed Written Consent and Release
### Before Obtaining Biometric Identifiers or Information]

60. Plaintiff restates paragraphs 1 through 45 of the Complaint as if set out here in full.

61. BIPA requires companies to obtain informed written consent from its workers before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; ***and*** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

62. "A party violates Section 15(b) when it collects, captures, or otherwise obtains a person's biometric information without prior informed consent. This is true the first time an entity scans a fingerprint or otherwise collects biometric information, but it is no less true with each subsequent scan or collection." *Cothron v. White Castle System, Inc*., 2023 IL 128004 ¶ 24 (internal citation omitted).

63. Informed consent is the "heart of BIPA.*" Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).

64. Defendant failed to comply with these BIPA mandates.

65. Defendant is a nongovernmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

66. Plaintiff is an individual who had "biometric identifiers" (in the form of fingerprints or hand geometry) collected by Defendant. *See* 740 ILCS § 14/10.

67. Plaintiff's biometric identifiers were used to identify him and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

68. Defendant collected, captured or otherwise obtained Plaintiff's biometric

identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

69.     Defendant never informed Plaintiff in writing that his biometric identifier or biometric information was being collected or stored, or of the specific length of term for which his biometric identifiers and/or biometric information were being collected, stored or used before collecting, storing or using that data as required by 740 ILCS § 14/15(b)(1)-(2).

70.     Prior to collecting Plaintiff's biometric identifiers and information, Defendant never obtained a written release authorizing such collection. 740 ILCS § 14/15(b)(3).

71.     By collecting, capturing, and otherwise obtaining Plaintiff's biometric identifiers or information as described herein, Defendant violated Plaintiff's privacy in his biometric identifiers and information as set forth in BIPA *each time* the Defendant collected, captured, obtained, stored or used Plaintiff's biometric identifiers or information. *See* 740 ILCS § 14/1, *et seq.*; *Cothron v. White Castle System, Inc.*, 2023 IL 128004 ¶ 24. "[T]he plain language of section 15(b) and 15(d) demonstrates that such violations occur with every scan or transmission." *Id.* At ¶

72.     Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet completely failed to comply with Section 15(b) of BIPA, or otherwise intentionally or recklessly failed to comply with Section 15(b) of BIPA.

73.     Alternatively, Defendant negligently failed to comply with Section 15(b) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(b) of BIPA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court provide Plaintiff with the following relief:

a.  Declaring that Defendant violated Section 15(b) of BIPA;

b.  Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(1);

c.  Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(2);

d.  Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

e.  Enjoining Defendant from further violations of Section 15(b) of BIPA.

## COUNT III

### Violation of § 15(d) of BIPA
### [Disclosure of Biometric Identifiers or Information Without Obtaining Consent]

74.  Plaintiff restates paragraphs 1 through 45 of the complaint as if set out here in full.

75.  BIPA prohibits private entities from disclosing, redisclosing or otherwise disseminating a person's or customer's biometric identifier or biometric information without obtaining consent for that disclosure, redisclosure or dissemination, with limited exceptions, none of which are appliable here. 740 ILCS § 14/15(d).

76.  Defendant failed to comply with this BIPA mandate.

77.  Defendant is a nongovernmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

78.  Plaintiff is an individual who had "biometric identifiers" (in the form of fingerprints) collected by Defendant, as explained in detail above. *See* 740 ILCS § 14/10.

79.  The Plaintiff's biometric identifiers, and all data derived from him, including any mathematical representations of the biometric identifiers, were used to identify him, and therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

80.  On information and belief, Defendant utilized a specific third-party payroll vendor to process payroll for its employees including the Plaintiff. The identity of this vendor is not known

to the Plaintiff at this stage in the litigation. Knowledge of this vendor's identity is known only to the Defendant; therefore, pleading this allegation upon information and belief is proper.

81.     Defendant systematically and automatically collected, captured, or otherwise disseminated each Plaintiff's biometric identifiers and/or biometric information without obtaining the consent required by 740 ILCS § 14/15(d)(1).

82.     By utilizing a biometric timekeeping system (time clock and timekeeping databases), Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated biometric identifiers or biometric information of Plaintiff to at least its payroll or biometric time clock vendor without first obtaining the Plaintiff's consent required by 740 ILCS § 14/15(d)(1).

83.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's biometric identifiers and/or biometric information without his consent as described herein, Defendant violated BIPA *each time* there was a disclosure, redisclosure or dissemination of the Plaintiff's biometric identifiers in violation of Plaintiff's rights to privacy in his biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

84.     Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet completely failed to comply with the statute, or otherwise intentionally or recklessly failed to comply with Section 15(b) of BIPA.

85.     Alternatively, Defendant negligently failed to comply with Section 15(d) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(d) of BIPA.

86.     "[T]he plain language of section 15(d) supports the conclusion that a claim accrues

upon each transmission of a person's biometric identifier or information without prior informed consent." *White Castle System, Inc*., 2023 IL 128004 at ¶ 29.

　　　　**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court provide Plaintiff with the following relief:

a.　Declaring that Defendant violated Section 15(d) of BIPA;

b.　Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(1);

c.　Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(2);

d.　Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

e.　Enjoining Defendant from further violations of Section 15(d) of BIPA.

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury.

*Respectfully submitted,*

**BRIAN KRASE**

*/s/ Adam J. Feuer*
Majdi Hijazin - # 6284879
Adam J. Feuer - # 6307792
DJC Law, PLLC
140 S. Dearborn Street, Ste. 1610
Chicago, Illinois 60603
(872) 804-3400
adam@teamjustice.com
majdi@teamjustice.com
notices@teamjustice.com
*Counsel for Plaintiff*

Nick Wooten
DJC Law, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800
nick@teamjustice.com
*Lead Trial Attorney*

*Counsel for Plaintiff*